UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DEBBIE GHOUNEIM,

                Plaintiff,

-against-

DHS; AFRICAN AMERICAN PLANNING COMMISSION, INC.,

                Defendants.

19-CV-748 (CM)

ORDER OF DISMISSAL

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff, appearing *pro se*, brings this action asserting that while staying in homeless shelters operated by the City of New York she has been "exposed to people who [are] chronic drug abusers," as well as people who are mentally ill and have "upper respiratory infections an[d] TB." By order dated February 22, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*.

## STANDARD OF REVIEW

The Court must dismiss an *in forma pauperis* complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

Plaintiff Debbie Ghouneim alleges that since April 2018, she has been staying in shelters for people who are homeless. She states that staying in the shelter is "exposing [her] to TB and mentally ill people with chronic mental illness and chronic drug users." (Compl. at 2.) Plaintiff asserts that Defendants New York City Department of Homeless Services and the African American Planning Commission, which operate the shelters, are "denying [her] the right to safety." (*Id.*)

Plaintiff "called the police constantly" while at the shelter. (*Id.* at 5.) She states that the shelter "staff say [that she is] crazy but they are stealing [her] information." (*Id.*) Staff have "threatened to throw [Plaintiff] out of a shelter because [she] complain[ed] about when [they] were] going to meet [with her] to find out about housing." (*Id.*)

Plaintiff seeks $5 million in damages for "the risk of infections." (*Id.* at 6.)

## DISCUSSION

### A.   City of New York Department of Homeless Services

As an agency of the City of New York, the Department of Homeless Services (DHS) is not an entity that can be sued in its own name. N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *see also Jenkins v. New York City Dep't of Homeless Servs.*, 643 F. Supp. 2d 507, 510 (S.D.N.Y. 2009) ("DHS, as a City agency, has not been authorized as a suable entity under the New York City Charter"), *aff'd on other grounds*, 391 F. App'x 81 (2d Cir. 2010). Instead, any claims against DHS must be brought against the City of New York. Plaintiff's claims against DHS must therefore be dismissed.

For the reasons set forth below, the Court concludes that it would be futile to direct Plaintiff to amend her complaint to substitute the City of New York for DHS.

**B.      Exposure to Contagious Diseases**

Because Plaintiff invokes the Court's federal question jurisdiction, the Court considers whether she states a claim under 42 U.S.C. § 1983 against the City of New York for a violation of her constitutional rights. The Due Process Clause of the United States Constitution has been interpreted as "a limitation on the State's power to act, not as a guarantee of certain minimal levels of safety and security." *DeShaney v. Winnebago Cnty. Department of Social Servs.*, 489 U.S. 189, 195 (1989). There is no constitutional "right to governmental aid, even where such aid may be necessary to secure life, liberty, or property interests of which the government itself may not deprive the individual." *Id.* at 196.

A constitutional duty may arise "when the State takes a person into its custody and holds him there against his will," *DeShaney*, 489 U.S. at 200, such as in the case of prisoners or involuntarily committed mental patients. *Youngberg v. Romeo*, 457 U.S. 307, 319 (1982). In such cases, "the Constitution imposes on the State a corresponding duty to assume some responsibility for [the forcibly restrained individual's] safety and general well-being." *DeShaney*, 489 U.S. at 200 ("[W]hen the State . . . so restrains an individual's liberty that it renders him unable to care for himself, and at the same time fails to provide for his basic human needs -- *e.g.*, food, clothing, shelter, medical care, and reasonable safety -- it transgresses the substantive limits on state action set by the . . . Due Process Clause."). But this exception does not apply "to homeless people who voluntarily choose to remain in shelters operated by government entities or contractors." *Oslzly v. Rosenblatt*, No. 14-CV-3638 (SLT) (LB), 2014 WL 4161347, at *7-8 (E.D.N.Y. Aug. 19, 2014); *Brown v. City of New York*, No. 17-CV-5836 (LDH)(ST), 2018 WL

1770557, at *4 (E.D.N.Y. Apr. 12, 2018) (holding that the Constitution did not impose an affirmative duty of care where plaintiff "is free to leave the shelter").

The Second Circuit has noted that "correctional officials have an affirmative obligation to protect [forcibly confined] inmates from infectious disease," *Jolly v. Coughlin*, 76 F.3d 468, 477 (2d Cir. 1996); *Lareau v. Manson*, 651 F.2d 96, 109 (2d Cir.1981) (failure to screen new inmates for "communicable diseases" showed "deliberate indifference to serious medical needs").[1] District courts have acknowledged that requiring a prisoner to share a cell with a contagious prisoner with active tuberculosis (TB) could give rise to constitutional claims. *See Narvaez v. City of New York*, No. 16-CV-1980 (GBD), 2017 WL 1535386, at *9 (S.D.N.Y. Apr. 17, 2017) (denying "motion to dismiss Plaintiff's claim that the City of New York violated Plaintiff's rights under the Due Process Clause by repeatedly deciding to continue housing him with inmates with active-TB" during his pretrial detention); *Bolton v. Goord*, 992 F. Supp. 604, 628 (S.D.N.Y. 1998) (acknowledging that prisoner could state claim under § 1983 for confinement in same cell as inmate with serious contagious disease). The government's liability in these cases, however, arises from the fact that it had taken the plaintiffs "into its custody and h[eld them] there against [their] will." *DeShaney,* 489 U.S. at 199.

Here, because the government has not restrained Plaintiff's ability to act on her own behalf or required her against her will to stay in a homeless shelter, the City of New York does

---

[1] Conversely, the government has also faced potential liability from prisoners who object to TB testing or object to being separated from the general population based on TB testing. *See, e.g., Reynolds v. Goord*, 103 F. Supp. 2d 316 (2000) (concluding that "TB hold" program for those who refused annual TB testing, as designed, was not rationally related to the legitimate interest in protecting health of staff and inmates); *Jolly*, 76 F.3d at 473-75 (Rastafarian inmate brought suit, claiming that his confinement for refusing to submit to screening test for latent tuberculosis violated his right to free exercise of religion under Religious Freedom Restoration Act and his Eighth Amendment rights).

not have a corresponding duty arising under the United States Constitution to provide for her needs.[2] Plaintiff's allegations that during her stay at homeless shelters operated by the New York City DHS she was "exposed" to people with upper respiratory infections, mental illness, and possibly tuberculosis thus fail to state a claim under § 1983 for a violation of her constitutional rights. The Court therefore dismisses Plaintiff's federal claims under § 1983 for damages for Plaintiff's exposure to people who have a contagious illness or are mentally ill. 28 U.S.C. § 1915(e)(2)(B)(ii).

### C. Supplemental State Law Claims

Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). Having dismissed the federal claims over which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction over any state-law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'") (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997)).

---

[2] Even without a duty arising under the U.S. Constitution, the DHS and other shelter operators likely do have policies for addressing tuberculosis and other contagious diseases in its shelters. *See, e.g., Support Ministries for Persons With AIDS, Inc. v. Vill. of Waterford, N.Y.*, 808 F. Supp. 120, 128 (N.D.N.Y. 1992) (explaining that "people with active TB would be excluded from the home, all of the residents would undergo periodic TB screenings to ensure that they do not have active TB, and anyone diagnosed as having active TB would be on a full pharmacological regime to keep it from becoming contagious.").

**CONCLUSION**

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket. The Court dismisses Plaintiff's claims under 42 U.S.C. § 1983 for failure to state a claim on which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). The Court declines under 28 U.S.C. § 1367(c)(3) to exercise its supplemental jurisdiction over any state-law claims Plaintiff may be asserting.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: March 13, 2019
        New York, New York

COLLEEN McMAHON
Chief United States District Judge